

**Paige Macdonald-Matthes**
Direct Dial: 717-221-1609
pmm@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
200 Locust Street | Suite 400
Harrisburg, PA 17101-1508
P: 717.234.9730
F: 717.236.2485

July 6, 2020

*VIA EMAIL*

Dennis E. Boyle, Esq. (dboyle@bcr-dc.com)
Blerina Jasari, Esq. (bjasari@bcr-dc.com)
Berliner Corcoran & Rowe LLP
1101 Seventeenth Street NW
Suite 1100
Washington, DC 20036

   Re:  *Associates in Medical Toxicology, P.C., et al. v. Snyder, et al.*,
       No.19-cv-01753-JPW (M.D. Pa.)

Dear Mr. Boyle:

   I write regarding your July 2, 2020 letter, wherein you advised of your intent to serve eight subpoenas on my client's healthcare providers for information concerning her sexual health and certain prescription medications.  Consistent with your July 3 letter to the Court, we request that you refrain from serving the subpoenas because they seek sensitive information that is not at all relevant to the claims and defenses in this action.

   As stated in my July 2 letter to the Court, Ms. Snyder does not currently assert any claim or defense relating to either her use (or your client's use) of prescription medications.  Nor is the sexual health of any party at issue.  Nevertheless, you assert in your July 2 letter that these health issues are germane because of averments that Ms. Snyder made in her *pro se* Answer to the Complaint.  Because the *pro se* Answer was superseded by an Amended Answer, it is a legal nullity, and not a basis for Plaintiffs to engage in a fishing expedition.  *See Pew v. Boggio*, 2016 U.S. Dist. LEXIS 59911, at *3 (M.D. Pa. May 4, 2016) ("'A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . .'" (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990))).

   Moreover, although you assert in your July 2 letter that you intend to prove that Ms. Snyder has discussed on social media contracting an STD from Dr. Moore, Plaintiffs have yet to produce a *single document* evidencing such statements.  Not one.  Thus, there is absolutely no legitimate basis for Plaintiffs to seek the medical information you are requesting, either from Ms. Snyder or her doctors.

Dennis E. Boyle, Esq., Blerina Jasari, Esq.
July 6, 2020
P a g e | 2

If you nevertheless intend to proceed with the proposed subpoenas, please let me know as soon as possible, in which case I will take you up on the offer contained in your July 3 letter to the Court to refrain from serving the subpoenas until the Court has the opportunity to consider a motion to quash.

Thank you for your anticipated cooperation.

Sincerely,

**OBERMAYER REBMANN
MAXWELL & HIPPEL, LLP**

Paige Macdonald-Matthes, Esquire
*Counsel for Defendants/Counterclaim Plaintiffs*

cc:     Joshua B. Kaplan
        Kathleen Misturak-Gingrich, Esq. (kgingrich@pjrlaw.com)

4840-7799-8274