IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSOCIATES IN MEDICAL TOXICOLOGY, PC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> EMOGENE RENEA SNYDER, *et al.*, <br><br> Defendants. | Case No: 1:19-cv-01753-YK |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR LEAVE TO SERVE SUBPOENAS</u>**

Plaintiffs Associates in Medical Toxicology, P.C. ("AMT"), and Philip W. Moore, DO ("Dr. Moore") (hereinafter collectively referred to as "Plaintiffs"), submit this Memorandum in Support of their Motion for Leave to Serve Subpoenas upon Defendant Emogene Renea Snyder's ("Snyder") physicians seeking certain limited medical records, and in support thereof, state as follows:

**I.     INTRODUCTION**

Plaintiffs file this Motion to seek leave to serve subpoenas upon Snyder's physicians to obtain certain limited medical records which are relevant to this case. Plaintiffs' subpoenas are attached hereto as <u>Exhibit "A"</u>. Notably, the subpoenas do not request all of Snyder's medical records. Rather, the subpoenas are narrowly drawn, both as to the scope of the medical records requested and the time period of the requests.

As more fully discussed below, these records are relevant for several reasons, not the least of which is that Snyder has falsely claimed that Dr. Moore infected her with a sexually transmitted disease ("STD") and that Dr. Moore has taken prescription medications which he prescribed for Snyder. *See* paras. 52 and 54(gg) of Def. Answer [Doc. No. 17]. The source and

timing of her STD, as well as her prescription medication history constitute a potential defense to the Defendants' allegations. Equally or more importantly, they are also relevant to defamatory statements she made against Dr. Moore as alleged in Plaintiff's Complaint at paragraphs 54 gg and 110- 114, inclusive. Finally, they go directly to Snyder's credibility.

Counsel for Plaintiffs attempted to confer with Counsel for Defendants prior to serving any of these physician subpoenas in an effort to resolve any potential discovery dispute without Court intervention. *See* Letter to Counsel for Defendants' dated July 2, 2020, attached hereto as Exhibit "B". Counsel for Defendants, however, did not respond to Counsel for Plaintiffs, but instead immediately reached out to the Court requesting an emergency conference [Doc. No. 58]. Counsel for Plaintiffs' responded to this letter on July 3, 2020, indicating that Plaintiffs would seek leave from the Court to serve the subpoenas upon Snyder's physicians and that there was no need to conduct an emergency conference since there was no emergency [Doc. No. 59]. The Court denied Counsel for Defendants' request for an emergency conference, on July 6, 2020 [Doc. No. 60].

On the same date, despite that Counsel for Plaintiffs had offered in their July 3rd letter to file a Motion and Memorandum in Support of the Motion, to which Counsel for Defendants are entitled under the procedural rules to respond, Counsel for Defendants sent correspondence to Counsel for Plaintiffs requesting that they be notified of Plaintiffs' intention to serve the subpoenas, so that Defendants could file a Motion to Quash with the Court. Counsel for Defendants' July 6th letter is attached hereto as Exhibit "C". Unfortunately, it does not appear from either correspondence from Counsel for Defendants that Defendants have any interest in resolving this discovery dispute without Court intervention.

To be clear, Plaintiff has no desire to delve into Ms. Snyder's personal medical history of STDs; however, Ms. Snyder has made this clearly defamatory allegation requiring Plaintiff to prove its falsity. If Ms. Snyder had the STD prior to becoming involved with Dr. Moore, then she clearly did not receive it from Dr. Moore. If Ms. Snyder were willing to either: 1) acknowledge by binding stipulation that her prior statements about obtaining an STD from Dr. Moore were false; 2) acknowledge by binding stipulation that she did not receive an STD from Dr. Moore; or 3) acknowledge that she had an STD before meeting Dr. Moore, then there would be no need for these records. However, Ms. Snyder appears to be unwilling to acknowledge the falsity of her statements thereby requiring Plaintiff to seek these records.

Therefore, Plaintiffs file this Motion and respectfully request leave to serve the attached subpoenas on Snyder's physicians. Ex. A.

## II.     ARGUMENT

### 1.     Applicable Law

The Federal Rules of Civil Procedure explicitly authorize this Court to allow discovery against persons who are not parties to litigation. The Court may issue a subpoena requiring **any person** to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises". Fed. R. Civ. P. 45(a)(1)(A). The subpoena power of the Court is not limited to parties; in fact, the rules specifically describe the limits on subpoenas directed to **any person**, including non-parties. Fed. R. Civ. P. 45(a). Third-party subpoenas are authorized subject to the protections described in Rule 45(d)(1) and (2) of the Federal Rules of Civil Procedure, and non-parties are provided the right to move to quash or modify a subpoena. Fed. R. Civ. P. 45(D)(3)[1].

---

[1] Counsel for Defendants appear to want to control Plaintiffs' discovery in this case as evidenced by counsels' repeated objections to the third-party subpoena issued by Plaintiffs to Capital

The scope of discovery within the subpoena power of the Court under Rule 45 of the Federal Rules of Civil Procedure—whether of parties or non-parties—is generally described and limited by Rule 26 of the Federal Rules of Civil Procedure, which permits broad discovery as discussed below. *See, e.g., Katz v. Nat'l Bd. of Med. Examiners*, Civil Case No. 3:15-CV-01187, Mem. (M.D. Pa. May 10, 2016).

### 2. Plaintiffs' Subpoenas are Relevant and Proportional to the Needs of the Case.

While under Rule 26 of the Federal Rules of Civil Procedure the scope of discovery is broad, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case", the third party physician subpoenas in this case were narrowly drawn as to scope and time period. Fed. R. Civ. P. 26(b) and Exhibit "A". Courts have authorized many forms of discovery against non-parties. For example, this Court permitted discovery of medical records in *Katz v. Nat'l Bd. of Med. Examiners*, where the plaintiff placed his physical and mental condition at issue in the case. *Katz*, Civil Case No. 3:15-CV-01187, Mem. (M.D. Pa. May 10, 2016); *see also Manning v. Herman,* Civil Case No. 1:13-CV-01426, Mem. (M.D. Pa. Sept. 14, 2016) (Court denied plaintiff's motion to quash where defendants served subpoenas upon non-party physicians seeking medical records, because "the Plaintiff put his medical condition at the heart of [the] case").

Similarly, in *Botey v. Green,* Case No. 3:12-CV-1520, Mem. Op. (M.D. Pa. Nov. 14, 2015), this Court ordered the defendant to produce any of his dementia or neurologically-related medical records, finding that medical records regarding loss of memory or confusion or other

---

BlueCross, a former employer of Snyder, on similar grounds of lack of relevance, over-reaching and privacy. Counsel for Defendant's objections were overruled and Counsel for Plaintiffs are permitted to serve a subpoena on Capital BlueCross, subject to a Stipulated Protective Order, which was entered on July 31, 2020.

medical reports regarding loss of mental faculties were discoverable.  In that case, the plaintiff filed a complaint alleging negligence against the defendant as a result of a car accident between the parties. *Ibid.; see also Mines v. City of Philadelphia*, 158 F.R.D. 337, 338-39 (E.D. Pa. 1994) (plaintiffs sought discovery of psychotherapist's records concerning officer who allegedly used excessive force.  The court held that issuance of a protective order allowing for limited disclosure of officer's records was appropriate in light of the relevance of the records in regard to plaintiff's claim of excessive force and the fact that privacy concerns could be assuaged by allowing disclosure under a protective order).  In these cases, courts ordered some form of the various discovery devices generally permitted under the Federal Rules of Civil Procedure, subject to the scope and limitations of Rule 26 of the Federal Rules of Civil Procedure.  Moreover, any privacy concerns, assuming that they are valid, despite Snyder placing her alleged infection by Dr. Moore of an STD on social media, are resolved by way of the Stipulated Protective Order, which was entered by the Court.

Any physician-patient privilege that might have existed between Snyder and her physicians has been waived by Snyder's placement of her physical condition and medication prescription history at issue in this case. *See Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997); *see also Topol v. Tr. of Univ. of Pa.*, 160 F.R.D. 476, 477 (E.D. Pa. 1995). "[A] party cannot inject [her] treatment, conditions or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." *Katz*, Case No. 3:15-CV-01187 (*citing Adams v. Ardcor*, 196 F.R.D. 339, 343 (E.D. Wis. 2000).  "[A]llowing a plaintiff to hide . . . behind a claim of privilege when that condition is placed directly at issue in a case would simply be contrary to the most basic sense of fairness and justice." *Sarko*, 170 F.R.D. at 130.

Here, Snyder's medical records are not only placed at issue by both her *pro se* answer and her amended answer, filed by Counsel, they are central to the Plaintiffs' claims that Snyder defamed him by publicly asserting that he gave her an STD and by her allegations that he, as a physician, unlawfully prescribed medications for his personal use by way of prescriptions for her. These are claims she has made repeatedly, including in her Answer, and which she continues to repeat publicly and in communications with other individuals, including Dr. Moore's patients, and even in unrelated state court proceedings. *See* Answer, para. 54(gg). As this Court is aware, accusing someone of having an STD is defamation *per se*. *See, e.g., Dempsey v. Bucknell University*, Case No. 4:11-CV-1679, Mem. (M.D. Pa. May 3, 2012) ("A plaintiff need not prove special damages in an action for slander per se; that is, an action involving 'words imputing a criminal offense, a loathsome disease, business misconduct, or serious sexual misconduct.'" (*citing Chicarella v. Passant*, 494 A.2d 1109, 1115 n.5 (Pa. Super. Ct. 1985)) (*citing* Restatement (Second) of Torts § 570 (1977)). Those public allegations defamed both Dr. Moore and AMT, the physician practice that he owns. As such, they form a factual basis for Dr. Moore's causes of action for defamation and he is, therefore unquestionably, entitled to conduct discovery to substantiate those claims.

Additionally, in paragraph 52 of her Answer to Plaintiffs' Complaint,[2] Snyder falsely claims that "Dr. Philip Moore, was found to be writing scripts for Gabapentin and other

---

[2] Defendants have since filed an Amended Answer [Doc. No. 26]. An amended pleading "'supersedes the original and renders it of no legal effect, unless [it] specifically refers to or adopts the earlier pleading.'" *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1504 (3d Cir. 1996) (*quoting Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). This is not to say, however, that a party's assertion of contrary factual positions in the pleadings is without consequence. A superseded pleading may be offered as evidence rebutting a subsequent contrary assertion. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 172-73 (3d Cir. 2013); *see also Giannone v. U.S. Steel Corp.*, 238 F.2d 544, 547 (3d Cir.1956); *InterGen N.V. v. Grina,* 344 F.3d 134, 144–45 (1st Cir.

medications in [Snyder's] name and was picking up these medications without [Snyder's] knowledge and taking these medications from CVS pharmacy." Doc. No. 17.  It is Plaintiffs' belief that Snyder has taken prescription medications for several years and has obtained prescriptions for these medications not only from Dr. Moore, but also from other physicians.  Dr. Moore is entitled to pursue that information through third party discovery.

Further, in paragraph 54(gg) of her Answer, Snyder falsely claims that "Dr. Moore does have a medical diagnosis of Herpes and has never notified his victims or partners …. Dr. Philip Moore, was confirmed to have this diagnosis and be in fact the carrier that I contracted this STD. (If necessary medical documentation to confirm this can be produced for the court, but unclear of the relevance)." *Ibid.*  Since Snyder claims that she contracted an STD from Dr. Moore and offered to provide medical records as evidence, they are relevant and Plaintiffs would like to review these records.

Plaintiffs' counsel offered Defendant's counsel the ability to provide Snyder's medical records without need for any subpoenas and indeed offered Defendant's counsel the ability to stipulate that Dr. Moore did not give Snyder an STD to avoid the need to explore this unpleasant topic at all.  It is evident from Defendant's Counsel's correspondence that neither of these alternative proposals are acceptable to them.  It is also noteworthy that any medical information produced in response to the third party subpoenas will be received by Plaintiffs' Counsel, subject

---

2003); *Huey v. Honeywell, Inc*., 82 F.3d 327, 333 (9th Cir. 1996); *Andrews v. Metro N. Commuter R.R. Co*., 882 F.2d 705, 707 (2d Cir. 1989); *Raulie v. United States*, 400 F.2d 487, 526 (10th Cir. 1968).  For example, at the summary judgment stage, a district court may consider a statement or allegation in a superseded pleading as rebuttable evidence when determining whether summary judgment is proper. *See 188 LLC v. Trinity Indus., Inc*., 300 F.3d 730, 735-36 (7th Cir. 2002).

to a Stipulated Order of Confidentiality as Ordered by Magistrate Judge Saporito [Doc. Nos. 54 and 57], so any concern about confidentiality is moot.

The Court has previously indicated that Defendants can only control their own discovery; they cannot control Plaintiffs' discovery. Defendants' objection to Plaintiffs' subpoenas is another attempt by Defendants to control Plaintiffs' discovery, and the Court should not reward this behavior by allowing Defendants to stop Plaintiffs' from subpoenaing these narrowly drawn requests for medical records which are reasonably calculated to lead to the discovery of admissible evidence in support of Dr. Moore's causes of action.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs have demonstrated that the issuance of the subpoenas upon Snyder's physicians to obtain certain medical records related to Snyder's medication prescription history and diagnoses regarding sexually transmitted diseases is reasonable and necessary in this case. Therefore, Plaintiffs respectfully request that their Motion for Leave to Serve Subpoenas upon Snyder's physicians be granted.

Dated:  September 29, 2020                    Respectfully submitted,

*/s/Dennis E. Boyle*
Dennis E. Boyle (PA#49618)
Blerina Jasari (Admitted *pro hac vice*)
Berliner, Corcoran & Rowe L.L.P.
1101 Seventeenth Street, N.W., Suite 1100
Washington, DC 20036
Telephone: (202) 293-5555
Email:  dboyle@bcr-dc.com
             bjasari@bcr-dc.com

*/s/Kathleen Misturak-Gingrich*
Kathleen Misturak-Gingrich (PA#41682)
Law Offices of Peter J. Russo, P.C.
245 Grandview Avenue, Suite 102
Camp Hill, PA  17011
Telephone: (717) 591-1755

Email: kgingrich@pjrlaw.com

*Counsel for Plaintiffs*