# EXHIBIT B

# BCR
## BERLINER CORCORAN & ROWE LLP

Dennis E. Boyle, Esquire
Berliner, Corcoran & Rowe LLP
1101 Seventeenth Street, N.W.
Suite 1100
Washington, DC 20036
Phone:   (202) 293-5555
Email:   dboyle@bcr-dc.com

July 2, 2020

**VIA EMAIL**

Paige MacDonald-Matthes, Esq.
Joshua B. Kaplan, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 340
Philadelphia, PA 19102-2101
Email: joshua.kaplan@obermayer.com
       paige.macdonald-matthes@obermayer.com

>    Re:   Associates in Medical Toxicology, P.C., et al. v. Snyder, et al., Case No. 19-cv-01753-JPW

Dear Counsel:

I am writing regarding the enclosed subpoenas Plaintiffs intend to serve on Ms. Snyder's physicians for the purpose of obtaining certain medical records.  Specifically, Plaintiffs are seeking Ms. Snyder's medical records related to medication prescriptions and diagnoses regarding sexually transmitted diseases ("STDs") for the time frame from January 1, 2016 until present. This is indeed an unsavory and unfortunate issue to have to delve into, and although Ms. Snyder does not appear to mind discussing her STDs in public on social media, it is an issue I would prefer not to address if at all possible.

In light of the parties' recent discovery disputes, I also thought I would see if we could avoid another dispute and resolve any potential issues amicably in advance.  We believe that these records are relevant because, just as she has raised an issue regarding her separation from employment with Capital BlueCross, Ms. Snyder also asserts that she was infected with an STD in her Answer to Plaintiffs' Complaint.   The source and timing of her STD constitutes a potential defense to the Defendant's allegations.  It is also relevant to defamatory statements she made against Dr. Moore.  Finally, it goes to her credibility.

In para. 52 of her Answer, Ms. Snyder falsely claims that "Dr. Philip Moore, was found to be writing scripts for Gabapentin and other medications in [Ms. Snyder's] name and was picking up these medications without [Ms. Snyder's] knowledge and taking these medications from CVS pharmacy."  It is Plaintiffs' belief that Ms. Snyder has taken prescription medication for several years and has obtained prescriptions for these medications not only from Dr. Moore, but <u>also from other physicians</u>.  Furthermore, it appears from Defendants' Answer that Ms.

Snyder has requested relevant documents pertaining to her claims that Dr. Moore has used medications which he prescribed for Ms. Snyder (*see* para. 52, "the documentation to prove that I was a patient of Dr. Moore's which would allow him access to my EMR chart through UMPC and prescriptions written in my name but never picked up or taken by myself have been requested."). If Defendants are in the possession of any such documents we would kindly ask that Defendants produce these to Plaintiffs.

In addition, in para. 54(gg) of her Answer, Ms. Snyder falsely claims that "Dr. Moore does have a medical diagnosis of Herpes and has never notified his victims or partners …. Dr. Philip Moore, was confirmed to have this diagnosis and be in fact the carrier that I contracted this STD. (If necessary medical documentation to confirm this can be produced for the court, but unclear of the relevance)." Since Ms. Snyder claims that she contracted an STD from Dr. Moore and offered to provide medical records as evidence, they are relevant and Plaintiffs would like to review these records.

So that you understand our position, should this matter proceed to trial, we would prove that Ms. Snyder has on multiple occasions accused Dr. Moore of having an STD. We would further present medical evidence demonstrating that Dr. Moore has never had an STD and that Ms. Snyder's statements are therefore false.

If Ms. Snyder wishes to avoid a subpoena, you can agree to provide us with a complete set of her medical records as they relate to STDs. Alternatively, we would not need to see any of Ms. Snyder's medical records if she were to stipulate that she did not receive an STD from Dr. Moore (who has never had one). This would essentially result in an admission of liability with at least part of Dr. Moore's defamation claim.

We would kindly ask that you let us know within five (5) days of receipt of this letter if Defendants are in the possession of the medical records Plaintiffs are seeking. If we do not hear from you by then we will assume that Defendants are not in the possession of these records, and Plaintiffs will serve the enclosed subpoenas on Ms. Snyder's physicians.

Sincerely,

*/s/ Dennis E. Boyle*
Dennis E. Boyle

Enclosures

Cc:   Kathleen Misturak-Gingrich, Esq.
       Blerina Jasari, Esq.