UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASSOCIATES IN MEDICAL TOXICOLOGY, P.C. and PHILIP W. MOORE, | : : : : | Civil No. 1:19-CV-01753 |
| Plaintiffs, | : : | |
| v. | : : | |
| EMOGENE RENEA SNYDER, *et al.*, | : : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendants' motion to compel mediation and arbitration arguing that the parties entered into two valid and enforceable memoranda of understanding ("MOUs"), both of which include an arbitration clause. (Doc. 33.) For the reasons that follow, the motion to compel mediation and arbitration will be denied without prejudice.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 7, 2019, Plaintiffs Associates in Medical Toxicology, P.C. ("AMT") and Philip W. Moore (collectively, "Plaintiffs") filed a complaint against Defendants Migliore Treatment Services, LLC ("Migliore") and Emogene Renea Snyder (collectively, "Defendants"). (Doc. 1.) Defendants answered the complaint and filed counterclaims against Plaintiffs on March 11, 2020. (Doc. 26.) Plaintiffs answered the counterclaims on April 4, 2020. (Doc. 30.)

1

According to the allegations in the complaint, Plaintiff Moore is the founder and chief executive officer of AMT, and prior to May 3, 2019, was the medical director of Migliore.  (Doc. 1 ¶ 2.)  Defendant Snyder is the founder and chief executive officer of Migliore, and at all times relevant to this case, was the director of clinical operations at AMT.  (*Id.* ¶ 4.)  Plaintiffs and Defendants entered into at least two MOUs dated August 23, 2016 and September 9, 2016.  (Doc. 34-1 at 2–10.)[1]  The MOUs included a one-year term provision.  (*Id.*)  Plaintiff Moore and Defendant Snyder maintained a personal and professional relationship from 2016 to 2019.  (Doc. 1 ¶¶ 15–16, 24, 30–31.)

On June 2, 2020, Defendants filed a motion to compel arbitration and mediation.  (Doc. 33.)  Defendants argue that Plaintiffs and Defendants signed a valid and enforceable arbitration agreement in 2016 and that Plaintiffs' claims fall within the scope of their agreement.  (Doc. 34.)  On June 16, 2020, Plaintiffs filed a brief in opposition.  (Doc. 46.)  Defendants filed a reply brief on June 24, 2020.  (Doc. 52.)  This motion is now ripe for disposition.

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper under 28

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2

U.S.C. § 1391(b) because the events giving rise to the complaint occurred within the Middle District of Pennsylvania.

## STANDARD OF REVIEW

A motion to compel arbitration may be decided under a 12(b)(6) motion to dismiss standard when "it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause." *Medversant Techs., Inc. v. Leverage Health Solutions, LLC*, 114 F. Supp. 3d 290, 295 (E.D. Pa. 2015) (quoting *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 746, 776 (3d Cir. 2013)).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than

conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

To determine whether arbitration should be compelled, judicial review is limited to two threshold questions: "(1) whether there is a valid agreement to arbitrate between parties, and if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (quoting *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 528 (3d Cir. 2009)). Unless both questions are answered in the affirmative, arbitration will not be compelled. *Medversant Techs., Inc.*, 114 F. Supp. 3d at 295.

In this case, the clear language of the MOUs indicates that they expired in 2017. (*See* Doc. 34-1 at 2–10.) Plaintiffs therefore argue that the arbitration and mediation clauses expired by the time Plaintiffs' claims arose and accordingly do not constitute a valid agreement to arbitrate the present dispute. (Doc. 46 at 7.) Defendants disagree, arguing that Plaintiffs showed their intent to continue operating pursuant to the MOUs after 2017 by referencing the MOUs in their complaint. (Doc. 52 at 5–7.) Defendants assert that this reference is evidence the MOUs were orally extended beyond the one-year term. (*Id.* at 4.)

4

Under Pennsylvania law, a written contract that is not for the sale of goods may be modified orally, even when the contract provides that modifications may only be made in writing. *Hampden Real Estate, Inc. v. Metro. Mgmt. Group, Inc.*, 142 F. App'x 600, 603 (3d Cir. 2005). The modification may be accomplished by either words or conduct. *First Nat'l Bank of Pa. v. Lincoln Nat'l Life Ins. Co.*, 824 F.2d 277, 280 (3d Cir. 1987) (citing *Betterman v. Am. Stores Co.*, 80 A.2d 66, 71 (Pa. 1951)). An oral modification of a written contract, however, must be proven by "clear, precise, and convincing evidence." *Hampden Real Estate, Inc.*, 142 F. App'x at 603 (quoting *Fina v. Fina*, 737 A.2d 760, 765 (Pa. Super. Ct. 1999)).

In this case, Defendants do not demonstrate by "clear, precise, and convincing evidence" that the parties agreed to extend the terms of the MOUs. The mere fact that Defendants and Plaintiffs maintained a personal and professional relationship, without additional evidence, does not prove that they intended that relationship to continue to function under the MOUs. Accordingly, given the language of the contract and the lack of evidence showing an oral modification of the contract, the court will deny the motion to compel without prejudice to Defendants' right to renew their motion to compel arbitration at the summary judgment stage. *See MZM Constr. Co., Inc. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 406 (3d Cir. 2020) (holding that a motion

to compel arbitration may be raised at the summary judgment stage where it cannot be resolved at the motion to dismiss stage).

## CONCLUSION

For the reasons stated herein, Defendants' motion to compel is denied without prejudice. An appropriate order will issue.

>  s/Jennifer P. Wilson
>  JENNIFER P. WILSON
>  United States District Court Judge
>  Middle District of Pennsylvania

Dated: November 23, 2020